UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JENNIFER LUNA,

                               Civil Case No.: 21-cv-5529

               Plaintiff,

   -against-

                               **COMPLAINT**

COMPASS GROUP USA, INC. d/b/a
RESTAURANT ASSOCIATES CORP.,          PLAINTIFF DEMANDS
LOUIS MITTS, individually, and,             A TRIAL BY JURY
NIYAH ALICEA, individually,

               Defendants.
-------------------------------------------------------------------X

Plaintiff, JENNIFER LUNA (hereinafter referred to as "Plaintiff"), by and through her attorneys, Derek Smith Law Group, PLLC, hereby complains of Defendants, COMPASS GROUP USA, INC. d/b/a RESTAURANT ASSOCIATES CORP.; LOUIS MITTS, individually; ALEXANDER GIRASOLE, individually; and NIYAH ALICEA, individually, (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

**NATURE OF CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"), as amended; the Pregnancy Discrimination Act of 1978 ("PDA"); the Family and Medical Leave Act of 1993 ("FMLA"), as amended; the New York State Executive Law ("NYSHRL"); and the Administrative Code of the City of New York ("NYCHRL"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sex/gender discrimination, pregnancy discrimination, disability discrimination, hostile work environment, retaliation/interference, and wrongful termination by Defendants.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII, the ADA, the PDA and the FMLA. The Court also has jurisdiction pursuant to 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction under the State and City law causes of action asserted in this action.

4. On or about August 19, 2020, Plaintiff filed a Charge with the Equal Employment Opportunities Commission ("EEOC") (Charge No. 520-2020-04965).

5. On or about June 8, 2021, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions that give rise to the claims asserted herein occurred within the Southern District of New York.

**PARTIES**

8. Plaintiff is an individual female, who is a resident of the State of New York, New York County.

9. At all times material, Defendant COMPASS GROUP USA, INC. (hereinafter referred to as "COMPASS") is a foreign business corporation duly existing by the virtues and laws of the State of Delaware.

10. At all times material, Defendant RESTAURANT ASSOCIATES CORP. (hereinafter referred to as "RA") is a foreign business corporation duly existing by the virtues and laws of the State of Delaware.

11. Defendants COMPASS and RA will hereinafter be referred to collectively as "RESTAURANT ASSOCIATES").

12. At all times material, RESTAURANT ASSOCIATES collectively owns and operates a hospitality and culinary services group which does business nationwide.

13. At all times material, Defendants' Employee LOUIS MITTS (hereinafter referred to as "MITTS") is an individual male who is a resident of the State of New York.

14. At all times material, Defendants employed MITTS as a Manager for the New York City location where Plaintiff worked.

15. At all times material, Defendants' Employee MITTS held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

16. At all times material, Defendants' Employee NIYAH ALICEA (hereinafter referred to as "ALICEA") is an individual female who is a resident of the State of New York.

17. At all times material, Defendants employed ALICEA as a Human Resources representative.

18. At all times material, Defendants' Employee ALICEA held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

19. At all times material, Defendants jointly employed Plaintiff and meet the definition of an "employer" under all applicable state and local statutes.

## MATERIAL FACTS

20. Around June 10, 2019, Defendants hired Plaintiff to work as a line cook in their New York City location.

21. Shortly thereafter, around July 2019, Plaintiff discovered she was pregnant and informed her manager, Defendant MITTS, that she would be taking maternity leave in October 2019, when Plaintiff was due to give birth.

22. At all times material, Defendants' approved Plaintiff's maternity leave.

23. Around October 14, 2019, Plaintiff went on maternity leave as was planned and approved by Defendants.

24. Around November 4, 2019, Plaintiff contacted Defendants' Human Resources Manager, Defendant ALICEA, regarding her intention to take a leave of absence after her approved maternity leave expired in January 2020.

25. Around November 27, 2019, Plaintiff followed up with her manager, MITTS, regarding her intention to take a leave of absence once her maternity leave expired.

26. Around December 20, 2019, Plaintiff further informed MITTS of her intention to use her personal time immediately after her maternity leave had concluded in January 2020.

27. At all times material, Defendants approved Plaintiff's request for extended maternity leave.

28. Further, around January 10, 2020, Plaintiff texted her union shop steward to ensure that the managers were aware that Plaintiff was not returning to work until March 17, 2020.

29. Thereafter, around January 15, 2020, Defendants confirmed with Plaintiff that she was not returning to work until March 17, 2020 and that her request for extended leave had been approved.

30. Then, around March 9, 2020, Defendants ALICEA contacted Plaintiff stating that she would not need to return to work on March 17, 2020, because Defendants had terminated Plaintiff's employment, while she was out on approved maternity leave.

31. Defendants summarily terminated Plaintiff, while she was on approved maternity leave, without any cause or explanation.

32. Plaintiff claims that Defendants discriminated against and terminated Plaintiff because of her sex/gender, together with her pregnancy, disability, maternity leave, and request for an accommodation to take a leave of absence to care for her newborn child.

33. At all times material, Defendants failed to accommodate Plaintiff's request for a reasonable accommodation. Defendants further failed to engage in the interactive process with Plaintiff to consider whether an alternate reasonable accommodation was possible.

34. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

35. Plaintiff claims constructive and/or actual discharge as also seeks reinstatement.

36. Plaintiff claims alternatively (in the event Defendant claims so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

37. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and severely emotionally distressed.

38. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

39. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

40. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

41. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against all Defendants, jointly and severally.

42. The above are just some examples of the unlawful discrimination to which Defendants subjected Plaintiff.

**CAUSES OF ACTION
AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
[Against Restaurant Associates Defendants]**

43. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

44. Title VII states in relevant part as follows: "SEC. 2000e-2. [Section 703] (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

45. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her sex/gender.

46. Moreover, Title VII, as amended in 1978 by the Pregnancy Discrimination Act ("PDA"), provided that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes…as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

47. Defendants engaged in unlawful employment practices by 42 U.S.C. §2000e *et seq*., by discrimination against Plaintiff on the basis of her sex/gender and pregnancy, together with subjecting Plaintiff to a hostile work environment based on same.

48. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### [Against Restaurant Associates Defendants]

49. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

50. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

51. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her opposition to the unlawful employment practices of Defendant.

52. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT
### [Against Restaurant Associates Defendants]

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

55. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or

discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

56. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

57. Defendants violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of his associated disability.

58. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the ADA.

59. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION
FOR RETALIATION UNDER
THE AMERICANS WITH DISABILITIES ACT
[Against Restaurant Associates Defendants]**

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

62. Defendants violated the above and Plaintiff suffered numerous damages as a result.

63. Plaintiff hereby makes a claim against Defendants under all of the applicable

paragraphs of the ADA.

## AS A FIFTH CAUSE OF ACTION
## FOR VIOLATIONS OF THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
### [Against Restaurant Associates Defendants]

64. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

65. Section 2612 of the Family Medical Leave Act (FMLA) states in pertinent part:

> (a) In general
> (1) Entitlement to leave
>     Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
>     (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>     (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
>     (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>     (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
>     (E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

66. Defendants violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise interfering, discriminating and retaliating against the Plaintiff because of her entitlement to job protection under the FMLA.

67. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR RETALIATION AND INTERFERENCE UNDER THE
## FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
### [Against Restaurant Associates Defendants]

68. Plaintiff repeats and re-alleges each and every allegation made in the above

paragraphs of this complaint as if fully set forth at length.

69. Section 2615 of the FMLA states as follows:

> Prohibited acts
> (a) Interference with rights
>   (1) Exercise of rights
>   It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
>   (2) Discrimination
>   It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

70. Defendants unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise her rights under the above section and discriminated and retaliated against Plaintiff for opposing Defendant's unlawful employment practice and attempting to exercise her rights.

71. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
<u>NEW YORK STATE LAW</u>
[Against All Defendants]**

72. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

73. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse

to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

74. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender, disability and pregnancy related condition leading to Plaintiff's wrongful termination.

75. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of her sex/gender, pregnancy, and disability.

76. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

77. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN EIGHTH CAUSE OF ACTION
FOR RETALIATION UNDER
<u>NEW YORK STATE LAW</u>
[Against All Defendants]**

78. Plaintiff realleges and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

79. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

80. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment on the basis of Plaintiff's opposition to the unlawful practices of Defendants.

81. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

### AS A NINTH CAUSE OF ACTION
### FOR AIDING AND ABETTING
### <u>UNDER NEW YORK STATE LAW</u>
### [Against All Defendants]

82. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

84. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

85. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law.

86. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### <u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>
### [Against All Defendants]

87. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

88. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

89. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working

conditions and a hostile work environment, and otherwise discriminating against Plaintiff because of her sex/gender.

90. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN ELEVENTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### [Against All Defendants]

91. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

92. The New York City Administrative Code Tide 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…."

93. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(7) by discriminating against Plaintiff because of her opposition to the unlawful employment practices of Plaintiffs' employer.

94. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TWELFTH CAUSE OF ACTION
### FOR AIDING AND ABETTING UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### [Against All Defendants]

95. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

96. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

97. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

98. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRTEENTH CAUSE OF ACTION
### FOR INTIMIDATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### [Against All Defendants]

99. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

100. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

101. Defendants violated the above section as set forth herein and Plaintiff suffered numerous damages as a result.

### AS A FOURTEENTH CAUSE OF ACTION
### FOR SUPERVISOR LIABILITY UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### [Against All Defendants]

102. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

103. Section 8-107(13) entitled Employer Liability for Discriminatory Conduct By Employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b.

An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

104. Defendants violated the above section as set forth herein and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action, and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.


Dated:   June 24, 2021
         New York, New York

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

_____
Rachel Allen, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
212-587-0760